## Miller v. Woodruff
## Case No. C-880694
## Hamilton County, (1st)
## Decided January 17, 1990
[Cite as 1 AOA 26]

*Daley, Balyeat, Balyeat & Leahy and William B. Balyeat, Esq., 1728 Allentown Road, Lima, Ohio 45805, for Plaintiffs- Appellants,*

*Buechner, Haffer, O'Connell & Meyers Co., L.P.A., and Robert J. Meyers, Esq., Suite 1405, 105 East Fourth Street, Cincinnati, Ohio 45202, for Defendants-Appellees.*

*PER CURIAM.*
This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Probate Division of the Hamilton County Court of Common Pleas, the assignments of error, the briefs and arguments of counsel.

The plaintiffs-appellants appeal from the order of the probate court which overruled their motion for summary judgment in a will-contest action and granted summary judgment for the defendants-appellees. For the reasons which follow, the judgment of the probate court is affirmed in part and reversed and in part.

The testator, Valada Daring, was once a resident of Van Wert County, Ohio, having lived there most of her life. In 1983 she came to Cincinnati to live with defendant Russell Woodruff, Jr. (a fourth cousin), who apparently took care of her. Sometime thereafter, the testator retained the services of a local attorney who drafted her will. The plaintiffs (an aunt and two first cousins) subsequently sought to have the testator declared incompetent and to have a guardianship established on her behalf. The plaintiff's efforts, however, were unsuccessful.

In 1986, the testator had a new will drafted, wherein the plaintiffs were deleted as beneficiaries, along with Russell Woodruff's ex-wife. The testator died on April 1, 1987, and her will was admitted to probate on April 20, 1987.

On June 22, 1987, the plaintiffs filed a complaint in the Hamilton County probate court to contest the alleged last will and testament of Valada Daring. The plaintiffs and defendants subsequently filed motions for summary judgment.

After a hearing was conducted on the matter, the trial court denied the plaintiffs' motion and granted the defendant's motion.

The plaintiffs allege in their first assignment of error that the trial court erred in granting the defendants' motion for summary judgment. In support of this assignment, the plaintiffs raise three issues:

1. The testator lacked the necessary testamentary capacity to execute a will;
2. The testator was unduly influenced by Russell Woodruff, Jr., prior to her execution of the will;
3. The will was not properly witnessed and hence an invalid will.

Where, as here, a will has been admitted to probate, the order of admission is considered prima facie evidence of the validity of the will. *Gannett v. Booher* (1983), 12 Ohio App. 3d 49, 465 N.E.2d 1236. Pursuant to this general rule, the burden of proof in a will contest is upon, and never shifts from, the contestants of the will. *Gannett, supra.*

Consequently, in the posture of this case, the burden was upon the plaintiffs below to produce some evidence of impropriety concerning the Daring will sufficient to withstand summary-judgment attack. See *Guy v. Boggs* (Aug. 23, 1985), Lucas App. No. L-85-048, unreported.

With respect to the first issue of Daring's testamentary capacity to execute the will, the

applicable standard is whether the testator had sufficient mind and memory:

1. To understand the nature of the business in which he [was] engaged;
2. To comprehend generally the nature and extent of his property;
3. To hold in his mind the names and identity of those who [had] natural claims upon his bounty; and
4. To be able to appreciate his relation to the members of his family.

*Niemes v. Niemes* (1917), 97 Ohio St. 145, 119 N.E. 503, paragraph four of the syllabus.

The plaintiffs offered several depositions and affidavits in an attempt to show that the testator had certain mental infirmities which prevented her from properly executing her will.

Our review of those evidentiary materials reveals, however, that the plaintiffs could do no more than offer unsubstantiated conclusions in the absence of any specific, material facts. Further, their knowledge of the testator's capacity was limited since they had no contact with the testator for at least two and one-half years prior to her execution of the contested will. Pursuant to Civ. R. 56(C), summary judgment may only be granted upon a determination that:

1. No genuine issue as to any material fact remains to be litigated;
2. The moving party is entitled to judgment as a matter of law; and
3. It appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Mean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 364 N.E.2d 267, 274.

We conclude, based on our review of the documentary evidence, that there is no genuine issue of material fact relating to the testator's testamentary capacity to execute a will. It is clear that the defendants were entitled to judgment as a matter of law on this issue since reasonable minds could come to but one conclusion, with that conclusion being adverse to the plaintiffs.

With respect to the second issue of the undue influence allegedly exerted by Russell Woodruff, Jr., prior to the execution of the will, the appropriate elements are set forth in *West v. Henry* (1962), 173 Ohio St. 498, 184 N.E.2d 200, in the following manner:

1. a susceptible testator;
2. another's opportunity to exert undue influence;
3. the fact of improper influence exerted or attempted; and
4. the result showing the effect of such influence.

In applying these elements the *West* court stated:

The mere existence of undue influence, or an opportunity to exercise it, although coupled with an interest or motive to do so, is not sufficient, but such influence must be actually exerted on the mind of the testator with respect to the execution of the will in question. It must be shown that such influence, whether exerted at the time of the making of the will or prior thereto, was operative at the time of its execution or was directly connected therewith. *It must be shown that undue influence was exercise with the object of procuring a will in favor of particular parties.* [Emphasis in original.] West, *supra* at 501, 184 N.E. 2d at 202.

Even if we assume in the case *sub judice*, by virtue of the accommodations provided for Daring in the Woodruff home, that the testator was susceptible to the exertion of undue influence and that Woodruff had an opportunity to exert such influence over her, the plaintiffs, by offering nothing more than unfounded opinions and allegations, have failed to demonstrate that improper influence was indeed exerted, or that the testator's disposition of her property was the result of undue influence.

Thus, pursuant to Civ. R. 56(C), we find that there is no genuine issue of material fact concerning the plaintiffs' claim of undue influence.

The defendants were entitled to judgment as a matter of law on this issue since reasonable minds could come to but one conclusion on the matter, with that conclusion being adverse to the plaintiffs.

With respect to the final issue raised by the plaintiffs -- whether the will was properly

28

witnessed -- our analysis is guided by R.C. 2107.03, which states in pertinent part:

Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, *and be attested and subscribed in the presence of such party, by two or more witnesses, who saw the testator subscribe, or heard him acknowledge his signature.* [Emphasis added.]

Here, Hilda Reed, a subscribing witness to the testator's will, indicated in her deposition that she was unable to recall either seeing the testator actually sign the will or hearing the testator acknowledge that she did in fact sign the document. The defendants subsequently filed an affidavit in which Reed stated that her answers during the deposition were incorrect due to nervousness and confusion. She further stated in the affidavit that she did see the testator execute her will and that she subscribed her name as an attesting witness after the testator had signed the document. Such an inconsistency between Reed's deposition and her subsequent affidavit, although explained, served to raise a factual question on the matter. See *Bullock v. Intermodal Transportation Services, Inc.* (Aug. 6, 1986), Hamilton App. NO. C-850720, unreported. It is our conclusion, therefore, after reviewing the evidentiary materials properly considered under Civ. R. 56(C), the a genuine issue of material fact remains in the case *sub judice* regarding the matter of the attestation and subscription of the will. Thus we hold that the defendants were not entitled to judgment as a matter of law because reasonable minds could not come to but one conclusion on the issue. Accordingly, the plaintiffs' first assignment of error is sustained in part.

In their second assignment of error, the plaintiffs allege the trial court erred in over-ruling their motion for summary judgment. This assignment is without merit. It is apparent, from our response to the first assignment of error, that a genuine issue of material fact remains in the case with respect to one of the three claims at issue, and that the defendants were appropriately entitled to judgment as a matter of law on the remaining two claims. Thus, summary judgment was properly denied to the plaintiffs.

Accordingly, the order of the trial court is affirmed with respect to the denial of the plaintiffs' motion for summary judgment, and with respect to the entry of summary judgment for the defendants on the claims of testamentary incapacity and undue influence. With respect to the claim of improper attestation and subscription, however, the trial court's order is reversed, and this cause is remanded for further proceedings concerning that one claim only.

SHANNON, P.J., DOAN and UTZ, JJ.

_____

[1] The defendants also offered two other affidavits by James Erhardt and Russell Woodruff, Jr., which asserted that the will was properly witnesses.